13-2644-cr(L)
*United States v. Manokus Fields and Joseph Jackson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand and fourteen.

PRESENT:   RALPH K. WINTER,
                    JOHN M. WALKER, JR.,
                    JOSÉ A. CABRANES,
                            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
              *Appellee,*


              -v.-                                                             No. 13-2644-cr(L)
                                                                                No. 13-3385-cr(CON)

MANOKUS FIELDS AND JOSEPH JACKSON,
              *Defendants-Appellants.*

JAYQUIS BROCK, MARK BASKERVILLE, RUSSELL BATTLES,
STEPHANIE D'AGOSTINO, SHERROD DANIELS, LARRY DEVORE,
 HARRY DIAZ, JAMES DICKERSON, STEVEN DICKS,
DERRON DICKERY, DEVANTE FORTUNE, MAURICE HILL,
SHAMAINE HOBBY, EDMUND JACKSON, SR., JAMES JENKINS,
MILTON JOHNSON, TORRENCE JONES, DEMETRIUS LITTLE,
KRISTIN LONGOBARDI, ERIC LUMPKIN, WENDEL MCDUFFIE,
RYAN MOORE, JAVON MOORING, GEMINI NAPOLEON,
CHARLES NICHOLS, RAYMOND RICE, CHANEL SINCLAIR,
ROGER SULLIVAN, ELEAZAR THOMPSON, TYLAN THOMPSON,
BRANDON TOLSON, ALVIN TOWNSEND, RONNIE WASHINGTON,
TYRONE WILLIAMS, DARREN WINFREY, AARON MOORE,
              *Defendants.[*]*

--------------------

[*] The Clerk of Court is directed to amend the official caption in this case to conform
with the caption above.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR MANOKUS FIELDS:                    JOHN M. ANDREINI, Law Offices of John M.
                                       Andreini, Hartford, CT.

FOR JOPEPH JACKSON:                    Frank J. Riccio II, Law Offices of Frank J.
                                       Riccio LLC, Bridgeport, CT.

FOR APPELLEE:                          ROBERT M. SPECTOR, Marc H. Silverman,
                                       Assistant United States Attorneys, *for* Deirdre
                                       M. Daly, United States Attorney for the
                                       District of Connecticut, New Haven, CT.

Appeal from a June 28, 2013 judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court with regard to defendant Fields is **AFFIRMED**, the *Anders* motion with regard to defendant Jackson is **GRANTED**, the Government's motion to dismiss with respect to the appeal of Jackson's conviction, terms of imprisonment, supervised release, and the agreed-upon portion of his forfeiture is **GRANTED**, and the Government's motion to dismiss with respect to the appeal of Jackson's special assessment and the contested portion of his forfeiture is construed as a motion for summary affirmance and is **GRANTED**.

Defendant Manokus Fields appeals the judgment of the District Court sentencing him principally to a term of 97 months' imprisonment after being found guilty by a jury of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On appeal, defendant contends that the District Court erroneously instructed the jury with regard to the "buyer-seller exception" to conspiracy liability and with regard to its determination of the quantity of cocaine attributable to the defendant.[1] Counsel for defendant Joseph Jackson moves to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves to dismiss Jackson's appeal. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

### I.    Jury Instructions

A jury instruction is flawed if "it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Dinome*, 86 F.3d 277, 282 (2d Cir. 1996) (internal quotation marks omitted). Challenged jury instructions are reviewed *de novo* but will be reversed "only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Bok*, 156 F.3d 157, 161 (2d Cir. 1998). Moreover, a district court "enjoys broad discretion in crafting its instructions, which is only circumscribed by the requirement that the charge be fair to both sides." *United States v. Ghailani*, 733 F.3d 29, 53 (2d Cir. 2013) (internal quotation marks omitted).

---

[1] In his brief, defendant Fields also argued that the District Court erred in denying his motion for judgment of acquittal on the grounds that insufficient evidence was presented linking him to a charged narcotics conspiracy. During oral argument, however, defendant abandoned this argument and so we decline to address it.

Here, contrary to defendant's assertions, the jury instructions for both the "buyer-seller exception" and the quantity of cocaine attributable to defendant were legally correct and not misleading to the jury.

## II. Anders Motion

Frank J. Riccio II, counsel for defendant Joseph Jackson, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Government moves to dismiss the appeal based on defendant's waiver of his appellate rights.[2]

We agree with Jackson's counsel and the Government that there were no meritorious issues to be raised on appeal because (1) Jackson's guilty plea was valid; (2) he knowingly and voluntarily waived his right to appeal; and (3) his sentence was reasonable. However, because Jackson's waiver did not mention the special assessment and because he explicitly reserved the right to contest the forfeiture of two cash seizures totaling $72, 325.07, they are outside the scope of his waiver and he is not barred from challenging them on appeal. Nevertheless, these claims are not meritorious as both were mandatory under 18 U.S.C. § 3013(a)(2)(A) and 21 U.S.C. § 853(a)(1)-(2) respectively.

## CONCLUSION

We have considered all of the arguments brought by the appellants and find them to be without merit. Accordingly, it is hereby **ORDERED** that the: (1) judgment of the District Court with regard to defendant Manokus Fields is **AFFIRMED**; (2) the *Anders* motion with regard to defendant Joseph Jackson is **GRANTED**; (3) Government's motion to dismiss is **GRANTED** with respect to the appeal of defendant Jackson's conviction, terms of imprisonment, supervised release, and the agreed-upon portion of his forfeiture; and (4) Government's motion to dismiss with respect to the appeal of defendant Jackson's special assessment and the contested portion of his forfeiture is construed as a motion for summary affirmance, and, as so construed, is **GRANTED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk

---

[2] Jackson claims he was never notified that an attorney had been appointed to represent him on appeal, nor that an *Anders* brief has been filed in his case. Although the Clerk determined Jackson's response was untimely, we will consider Jackson's response timely filed, based on his actual receipt of the required notice in September.